Michael F. Thomson (#9707)
Peggy Hunt (#6060)
DORSEY & WHITNEY LLP
111 South Main Street, 21st Floor
Salt Lake City, UT 84111-2176
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: thomson.michael@dorsey.com
        hunt.peggy@dorsey.com

*Attorneys for Michael F. Thomson, Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>CHRIS HANSEN<br>STACY HANSEN,<br><br>                  Debtors. | Bankr. Case No. 16-26282<br><br>Chapter 7<br><br>The Honorable William T. Thurman |
| MICHAEL F. THOMSON, Chapter 7 Trustee,<br><br>            Plaintiff<br><br>v.<br><br>CHRIS HANSEN, an individual, and<br>STACY HANSEN, an individual,<br><br>            Defendants. | Adversary Proceeding No.<br><br>_____ |

## COMPLAINT FOR DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727

Plaintiff, Michael F. Thomson, trustee of the Chapter 7 bankruptcy estate of Chris Hansen and Stacy Hansen, by and through counsel, complains of Defendants, Chris Hansen and Stacy Hansen, as follows:

4819-7554-8768\1

## PARTIES

1.      Plaintiff, Michael F. Thomson, is the Chapter 7 trustee for the bankruptcy estate of Chris Hansen and Stacy Hansen (the "Trustee"), having been appointed permanent trustee at the first meeting of creditors held on August 19, 2016.

2.      Defendants, Chris Hansen and Stacy Hansen (together, the "Defendants" or the "Debtors"), are the Chapter 7 Debtors having filed for relief under Chapter 7 of the Bankruptcy Code on July 19, 2016 (the "Petition Date").

## JURISDICTION VENUE

3.      This adversary proceeding arises out of the Chapter 7 bankruptcy case of the Defendants currently pending in the United States Bankruptcy Court for the District of Utah.

4.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J), and (O).

5.      The United States Bankruptcy Court for the District of Utah has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and 11 U.S.C. § 727, and the general order of reference made from the United States District Court for the District of Utah, in that the action arises under Title 11 of the United States Code.

6.      Venue is proper in the District of Utah pursuant to 28 U.S.C. §1409.

## ALLEGATIONS

7.      On February 3, 2017, the Trustee directed the Debtors to provide the Trustee with copies of their 2016 state and federal tax returns (collectively, the "Tax Returns") immediately upon their filing the Tax Returns with the taxing authorities, and to turn over the bankruptcy estate's portion of all tax refunds immediately upon receipt.  A copy of the Amended Trustee's Directive to Debtor(s) Regarding Turnover of 2016 Tax Returns and Tax Refunds is attached hereto as **Exhibit 1**.

2

8.      On or about June 26, 2017, the Trustee sent correspondence to the Debtors'
counsel (with a copy sent to the Debtors) directing the Debtors to (1) comply with the Trustee's
directives to provide the Tax Returns, (2) turn over the bankruptcy estate's portion of all tax
refunds immediately upon receipt, and (3) turn over petition date bank funds in the amount of
$1,606.58 (the "Bank Funds").  A copy of this correspondence (without enclosure) is attached
hereto as **Exhibit 2**.

9.      On or about July 18, 2017, the Trustee sent correspondence to the Debtors'
counsel (with a copy sent to the Debtors) directing the Debtors to (1) comply with the Trustee's
directives to provide the Tax Returns, (2) turn over the bankruptcy estate's portion of all tax
refunds immediately upon receipt; and (3) turn over the Bank Funds.  The Trustee also advised
the Debtors that their failure to comply with the Trustee's directives would lead to the Trustee
filing a motion with the Court compelling their compliance. A copy of this correspondence
(without enclosures) is attached hereto as **Exhibit 3**.

10.      On November 1, 2017, the Court entered its *Order Granting Trustee's Motion for
Order (1) Directing Debtors to Turn Over Property of the Estate and (2) Compelling
Compliance with Directives* (the "Order"), thereby ordering as follows:

(1)      No later than November 15, 2017, the Debtors shall:

(a)      Turnover the Bank Funds; and

(b)      File with the taxing authorities and provide to the Trustee copies of
their filed federal and state tax returns for tax year 2016.

(2)      Turn over to 54.92% of all tax refunds the Debtors receive for tax year
2016 (collectively, the "Tax Refunds"), within fourteen (14) days after the Debtors'
receipt of said refunds

A true and correct copy of the Order is attached hereto as **Exhibit 4**.

4819-7554-8768\1

11.     On or about November 2, 2017, the Trustee sent correspondence to the Debtors' counsel (with a copy sent to the Debtors) notifying the Debtors of the Order and the deadlines contained therein.  The letter also advised the Debtors that their failure to comply with the Order would lead to the Trustee filing a complaint seeking denial of the Debtors' discharges.  A true and correct copy of this correspondence (without enclosure) is attached hereto as **Exhibit 5**.

12.     On or about November 27, 2017, the Trustee received a copy of the Tax Returns along with a request that the Debtors be able to turn over the Bank Funds over time.

13.     On or about November 27, 2017, the Trustee's office sent an email to the Debtors' counsel notifying him of the terms on which the Trustee would allow the Debtors to turn over the Bank Funds (the "November 27 Email").  A copy of this correspondence is attached hereto as **Exhibit 6**.

14.     On or about December 12, 2017, Debtors' counsel responded to the November 27 Email requesting that the Trustee send over the Settlement pleadings.

15.     On or about December 13, 2017, the Trustee sent correspondence to the Debtors' counsel (with a copy sent to the Debtors) forwarding to them a proposed Settlement Agreement and related pleadings (collectively, the "Settlement").  The letter also notified the Debtors that (1) pursuant to the November 27 Email, the first payment due under the Settlement was due by no later than December 15, 2017, and (2) according to the taxing authorities the Debtors' 2016 state tax return had not been filed and the Debtors' 2016 federal tax return had not been accepted by the Internal Revenue Service.  The Trustee notified the Debtors and their counsel that their failure to make the first Settlement payment by December 15, 2017, return the signed Settlement pleadings by December 27, 2017[1], and/or their failure to file the Tax Returns as required by the Order would lead to the Trustee filing a complaint seeking denial of their bankruptcy discharges.  A copy of this correspondence (without enclosures) is attached as **Exhibit 7**.

---

[1] Or turn over the full $1,608.58 pursuant to the Order.

4819-7554-8768\1

16.    On or about February 13, 2018, the Trustee's office received email correspondence from the Debtors' counsel requesting that the payment dates in the Settlement be pushed out by two (2) months and providing the Trustee with Settlement pleadings which had only been signed by the debtor, Chris Hansen, and included hand-written proposed payment dates.

17.    On or about February 14, 2018, the Trustee's office emailed the Debtors' counsel notifying him of the Trustee willingness to adjust the payment due dates as proposed and sending the Debtors' counsel revised Settlement pleadings (the "February 14 Email").  The February 14 Email notified Debtors' counsel that the Debtors failure to pay the first settlement payment by February 22, 2018 and return the signed pleadings by February 28, 2018, would lead to the Trustee filing a complaint seeking denial of the Debtors' bankruptcy discharges.  A copy of the February 14 Email (without attachments) is attached as **Exhibit 8**.

18.    Although the Trustee has received $570.00 of the Bank Funds, the Debtors have not returned the signed Settlement Agreement and related pleadings.

19.    According to correspondence received by the Trustee's office from the taxing authorities on March 26, 2018, the Tax Returns have not been filed.

20.    As of today's date the Debtors have not filed the Tax Returns, have not turned over the full amount of the Bank Funds (or returned signed Settlement pleadings related thereto), and have not turned over any Tax Refunds.  Therefore, the Debtors have not complied with the Order.

21.    The Defendants, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, have transferred, removed, or concealed, or have permitted to be transferred, removed, or concealed, property of the estate after the date of the filing of the petition.

22.    The Defendants have refused to obey a lawful order of the Court in this case.

4819-7554-8768\1

23.     The Defendants' discharges should be denied pursuant to 11 U.S.C. §

727(a)(2)(B) and/or 11 U.S.C. § 727(a)(6)(A).

## PRAYER FOR RELIEF

WHEREFORE, the Trustee prays for the following relief:

(1)     Pursuant to 11 U.S.C. § 727(a)(2)(B), an order of this Court denying the

Defendants' Chapter 7 Discharges;

(2)     Pursuant to 11 U.S.C. § 727(a)(6)(A), an order of this Court denying the

Defendants' Chapter 7 Discharges; and

(3)     Such other and further relief as the Court deems proper.

DATED this 26th day of March, 2018.

/ s / Michael F. Thomson
Michael F. Thomson
Peggy Hunt
DORSEY & WHITNEY LLP
Attorneys for Chapter 7 Trustee/Plaintiff

6

# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

In re:

CHRIS HANSEN
STACY HANSEN,

        Debtor(s).

Bankr. Case No. 16-26282

Chapter 7

### AMENDED[1] TRUSTEE'S DIRECTIVE TO DEBTOR(S) REGARDING TURNOVER OF 2016 TAX RETURNS AND TAX REFUNDS

*Michael F. Thomson, Chapter 7 Trustee, issues this Directive pursuant to Sections 521 & 542 of the United States Bankruptcy Code, Rule 4002 of the Federal Rules of Bankruptcy Procedure, and the Bankruptcy Court's Local Rule of Practice 4002-1. This is a request by the Trustee pursuant to 11 U.S.C. Section 521(f) and supplements the Directive made at your meeting of creditors. These provisions require you to cooperate with the Trustee and turn over the property as instructed in this Directive.*

**YOU ARE DIRECTED AND INSTRUCTED BY THE TRUSTEE TO TAKE BOTH OF THE FOLLOWING ACTIONS:**

    1.    **TURN OVER TAX RETURNS**: *Immediately upon filing with the tax authorities, please turn over complete, signed copies of your 2016 Federal and State Tax Returns.* Documents will not be returned to you, so send copies and keep the originals for your files. The Tax Returns may be (a) emailed to: thomson.michael@dorsey.com; *or* (b) mailed to: Michael F. Thomson, Chapter 7 Trustee, 136 South Main St., Suite 1000, Salt Lake City, Utah 84101.

    2.    **TURN OVER TAX REFUNDS**: *Immediately upon receiving any Federal or State tax refunds, via check or otherwise, please turn over to the Trustee all tax refunds that belong to the bankruptcy estate.* Tax refunds belonging to the bankruptcy estate should be turned over to the Trustee via certified funds, made payable to Michael F. Thomson, Chapter 7 Trustee, and delivered by hand or by mail to Michael F. Thomson, Chapter 7 Trustee, 136 South Main Street, Suite 1000, Salt Lake City, Utah 84101.

**YOUR FAILURE TO COMPLY WITH THIS DIRECTIVE MAY RESULT IN A LAWSUIT BEING FILED AGAINST YOU TO DENY OR REVOKE YOUR BANKRUPTCY DISCHARGE, AND MAY RESULT IN THE ENTRY OF A MONETARY JUDGMENT AGAINST YOU, A FINDING OF CONTEMPT, AND THE IMPOSITION OF SANCTIONS.**

*IF YOU ARE REPRESENTED BY AN ATTORNEY, YOUR ATTORNEY HAS RECEIVED THIS DOCUMENT. PLEASE CONTACT YOUR ATTORNEY IF YOU HAVE ANY QUESTIONS OR CONCERNS.*

    DATED this 3rd day of February, 2017.

        / s / Michael F. Thomson
        Michael F. Thomson, Chapter 7 Trustee
        136 South Main St., Suite 1000
        Salt Lake City, Utah  84101
        thomson.michael@dorsey.com

---

[1] Amended to clarify that only the tax refunds belonging to the bankruptcy estate must be turned over to the Trustee.

# EXHIBIT 2

**DORSEY**™
DORSEY & WHITNEY LLP

MICHAEL F. THOMSON
(801) 933-8929
FAX (801) 933-7373
thomson.michael@dorsey.com

June 26, 2017

**VIA ELECTRONIC MAIL AND POSTAL SERVICE**

Thomas H. Richards
Thomas H. Richards, P.C.
321 N. Mall Drive, Ste. R-104
St. George UT 84790-5533
tomrichards9@gmail.com

Re:   Chris & Stacy Hansen; Chapter 7 Case No. 16-26282

Dear Mr. Richards:

As you know, the debtors were directed to provide me with copies of their 2016 state and federal tax returns immediately upon filing with the taxing authorities, and to turn over the bankruptcy estate's portion of all tax refunds immediately upon receipt. A copy of my directive is enclosed for your reference.

As of today's date, I have not received copies of the 2016 tax returns. If your clients have not already done so, please instruct them to immediately file their 2016 state and federal tax returns with the taxing authorities. Please also instruct your clients to provide me with copies of their 2016 state and federal tax returns as soon as possible, and by no later than July 10, 2017.

Please also remind your clients that all tax refunds which belong to the bankruptcy estate must be turned over to me immediately upon their receipt of the refunds.

In addition, a review of the statements for the debtors' financial accounts indicates that $930.25 was withheld for a "force pay" from the debtors' State Bank account ending in 4340 on the petition date, and said funds were subsequently re-deposited into the account as a "credit memo" on July 27, 2017. Also, the debtors had $676.33 in State Bank account ending 2177 on the petition date. As such, these funds are property of the bankruptcy estate which must be turned over to me. Please instruct your clients to turn over to me $1,606.58 in certified funds, made payable to **Michael F. Thomson, Chapter 7 Trustee** as soon as possible, and by no later than July 10, 2017.

Please feel free to contact me should you have any questions. To avoid any undue delay or miscommunication I am providing the debtors with a copy of this letter directly.

Yours truly,

DORSEY & WHITNEY LLP

Michael F. Thomson

MT:mm
Encl.
Cc: Chris & Stacy Hansen, 2905 Carmine Dr., St. George, UT 84790

# EXHIBIT 3

**DORSEY**™
DORSEY & WHITNEY LLP

MICHAEL F. THOMSON
(801) 933-8929
FAX (801) 933-7373
thomson.michael@dorsey.com

July 18, 2017

**VIA ELECTRONIC MAIL AND POSTAL SERVICE**

Thomas H. Richards
Thomas H. Richards, P.C.
321 N. Mall Drive, Ste. R-104
St. George UT 84790-5533
tomrichards9@gmail.com

  Re: Chris & Stacy Hansen; Chapter 7 Case No. 16-26282

Dear Mr. Richards:

  Although I directed your clients to provide me with copies of their 2016 state and federal tax returns and $1,608.58 for petition date bank funds, I have not received these items. Copies of my Directive and June 26, 2017 letter are enclosed for your reference. Please instruct your clients to provide me with copies of their 2016 state and federal tax returns, and to turn over to me $1,606.58 in certified funds, made payable to **Michael F. Thomson, Chapter 7 Trustee** as soon as possible, and by no later than August 1, 2017.

  Please advise your clients that <u>all tax refunds which belong to the bankruptcy estate must be turned over to me immediately upon their receipt of the refunds</u>.

  Please further advise your clients that their failure to comply with my directives as explained above will lead to me seeking an order of the Court compelling their compliance.

  Please feel free to contact me should you have any questions. To avoid any undue delay or miscommunication I am providing the debtors with a copy of this letter directly.

  Yours truly,

  DORSEY & WHITNEY LLP

  Michael F. Thomson

MT:mm
Encl.
Cc: Chris & Stacy Hansen, 2905 Carmine Dr., St. George, UT 84790

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • **T** 801.933.7360 • **F** 801.933.7373
136 SOUTH MAIN STREET • SUITE 1000 • SALT LAKE CITY, UTAH 84101-1685
USA  CANADA  EUROPE  ASIA-PACIFIC

4845-2572-6539\1

EXHIBIT 4

**This order is SIGNED.**


**Dated: November 1, 2017**   



*uae*

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

---

*Prepared and Submitted By:*

Michael F. Thomson (#9707)
Peggy Hunt (#6060)
Nathan S. Seim (# 12654)
DORSEY & WHITNEY LLP
111 South Main Street, 21st Floor
Salt Lake City, UT 84111-2176
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: thomson.michael@dorsey.com
       hunt.peggy@dorsey.com
       seim.nathan@dorsey.com

*Attorneys for Michael F. Thomson, Chapter 7 Trustee*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>CHRIS HANSEN<br>STACY HANSEN,<br><br>Debtors. | Bankr. Case No. 16-26282<br><br>Chapter 7<br><br>The Honorable William T. Thurman |

---

### ORDER GRANTING TRUSTEE'S MOTION FOR ORDER
### (1) DIRECTING DEBTORS TO TURN OVER PROPERTY OF THE ESTATE
### AND (2) COMPELLING COMPLIANCE WITH DIRECTIVES

---

The *Trustee's Motion for Order (1) Directing Debtors to Turn Over Property of the*

*Estate and (2) Compelling Compliance with Directives* [Dkt. 34] (the "<u>Motion</u>") and the *Notice*

*of Trustee's Motion for Order (1) Directing Debtors to Turn Over Property of the Estate and*
*(2) Compelling Compliance with Directives and Notice of Opportunity for Hearing* [Dkt. 35] (the

"<u>Notice</u>") were filed herein on October 13, 2017.  The Notice provided for, among other things,

notice of the deadline of October 30, 2017, for filing responses to the Motion.  The Motion and

the Notice were served through the Court's CM/ECF system upon all parties who receive

electronic notice in this case.  The Motion and the Notice were also served upon the Debtors at

their address which was on file at the time of the filing of the Motion and the Notice.

No objections to the Motion have been filed.  The Court has reviewed the Motion, the

Notice, and applicable law.  Based thereon, and for good cause showing, it is hereby

**ORDERED** that:

1.      The Motion is **GRANTED**;

2.      The Debtors shall turn over to the Trustee $1,608.58 for petition date bank funds

within fourteen (14) days after the entry of this Order;

3.      The Debtors shall file with the taxing authorities and provide to the Trustee copies

of their filed federal and state tax returns for tax year 2016, within fourteen (14) days after entry

of this Order; and

4.      The Debtors shall turn over to the Trustee 54.92% of all tax refunds the Debtors

receive for tax year 2016, within fourteen (14) days after their receipt of said refunds.

**- - - - - - END OF DOCUMENT - - - - - -**

4826-6080-8531\1

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **ORDER GRANTING TRUSTEE'S MOTION FOR ORDER (1) DIRECTING DEBTORS TO TURN OVER PROPERTY OF THE ESTATE AND (2) COMPELLING COMPLIANCE WITH DIRECTIVES** shall be served to the parties in the manner designated below:

**By Electronic Service**:  I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- Thomas H. Richards      tomrichards9@gmail.com
- Michael F. Thomson      thomson.michael@dorsey.com, montoya.michelle@dorsey.com;ventrello.ashley@dorsey.com
- Michael F. Thomson tr     thomson.michael@dorsey.com, UT17@ecfcbis.com;montoya.michelle@dorsey.com
- United States Trustee      USTPRegion19.SK.ECF@usdoj.gov
- Justin W. Wayment      legal@suhdutsingllc.com

**By U.S. Mail** – In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b):

Chris Hansen
2905 Carmine Dr.
St. George, UT 84790

Stacy Hansen
2905 Carmine Dr.
St. George, UT 84790

4826-6080-8531\1

EXHIBIT 5



MICHAEL F. THOMSON
(801) 933-8929
FAX (801) 933-7373
thomson.michael@dorsey.com

November 2, 2017

**VIA ELECTRONIC MAIL AND POSTAL SERVICE**

Thomas H. Richards
Thomas H. Richards, P.C.
321 N. Mall Drive, Ste. R-104
St. George UT 84790-5533
tomrichards9@gmail.com

      Re:    Chris & Stacy Hansen; Chapter 7 Case No. 16-26282

Dear Mr. Richards:

      Enclosed is a copy of the *Order Granting Trustee's Motion for Order (1) Directing Debtors to Turn Over Property of the Estate and (2) Compelling Compliance with Directives* (the "Order"). Pursuant to the Order, the debtors are required to:

      (1)    Turn over to me $1,608.58 for petition date bank funds within fourteen (14) days after the entry of the Order (i.e., by no later than November 15, 2017);

      (2)    File with the taxing authorities and provide to me copies of their filed federal and state tax returns for tax year 2016, within fourteen (14) days after entry of this Order (i.e., by no later than November 15, 2017); and

      (3)    Turn over to me 54.92% of all tax refunds they receive for tax year 2016, within fourteen (14) days after their receipt of said refunds.

      All funds should be turned over in in certified funds, made payable to **Michael F. Thomson, Chapter 7 Trustee**.

      Please advise your clients that their failure to comply with the Order will lead to me filing a complaint seeking denial of their bankruptcy discharges.

      Please feel free to contact me should you have any questions. To avoid any undue delay or miscommunication I am providing the debtors with a copy of this letter directly.

      Yours truly,

      DORSEY & WHITNEY LLP

      Michael F. Thomson

MT:mm
Encl.
Cc: Chris & Stacy Hansen, 2905 Carmine Dr., St. George, UT 84790

4844-3062-8947\1

# EXHIBIT 6

## Montoya, Michelle

| | |
|---|---|
| **From:** | Montoya, Michelle |
| **Sent:** | Monday, November 27, 2017 2:29 PM |
| **To:** | 'Thomas Richards' |
| **Cc:** | Thomson, Michael |
| **Subject:** | RE: Chris and Stacy Hansen 17-26282 |

The trustee is willing to allow your clients to turn over the $1,606.58 in monthly payments over six (6) months upon the following terms:

(1) The $1,606.58 will accrue interest at 6% per annum plus a $10 per month service fee;

(2) The first payment of $285.00 must be made by no later than December 15, 2017, each subsequent payment in the amount of $285.00 is due by the fifteenth day of each month, and the final payment in the approximate amount of $279.66 will be due by no later than May 15, 2018; and

(3) The debtors agree to entry of a judgment revoking their discharges and entry of a judgment for all outstanding amounts owing, plus interest and attorneys' fees, which judgments would be entered only in the event that debtors default on the payment obligation.

Please let me know as soon as possible if the above terms meet with your clients' approval and I will send you the applicable pleadings. If your clients do not agree to the above-terms, please instruct them to turn over to the trustee $1,606.58 in certified funds, made payable to **Michael F. Thomson, Chapter 7 Trustee** as soon as possible and by no later than December 11, 2017.

**Michelle S. Montoya**
**Paralegal**



DORSEY & WHITNEY LLP
111 S. Main Street Suite 2100 | Salt Lake City, UT 84111-2176
**P:** 801.933.8913

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

Please help reduce paper and ink usage. Print only if necessary.

**From:** Thomas Richards [mailto:tomrichards9@gmail.com]
**Sent:** Monday, November 27, 2017 11:17 AM
**To:** Montoya, Michelle <montoya.michelle@dorsey.com>
**Subject:** Chris and Stacy Hansen 17-26282

Michelle,

Attached, please find a copy of the Hansens' 2016 tax returns.

Also, Chris Hansen wants to inquire into a payment agreement for the garnished funds. The debtors would be willing to enter into a confession of judgment pursuant to the agreement.

Regards,

Tom Richards

# EXHIBIT 7



MICHAEL F. THOMSON
(801) 933-8929
FAX (801) 933-7373
thomson.michael@dorsey.com

December 13, 2017

**VIA ELECTRONIC MAIL AND POSTAL SERVICE**

Thomas H. Richards
Thomas H. Richards, P.C.
321 N. Mall Drive, Ste. R-104
St. George UT 84790-5533
tomrichards9@gmail.com

  Re: Chris & Stacy Hansen; Chapter 7 Case No. 16-26282

Dear Mr. Richards:

  Enclosed per your request are the Settlement Agreement, Consent to Entry of Stipulated Judgments, and the Stipulated Judgments related to the turnover of petition date bank funds in the amount of $1,608.58. Please have your clients sign all four documents and return them to me via email and via U.S. Mail as soon as possible and by no later than December 27, 2017.

  In addition, as my paralegal, Michelle Montoya, indicated to you in her email of November 27, 2017 (copy enclosed), the first $285.00 payment is due by no later than **December 15, 2017**. Please instruct your client to turn over these funds (and all subsequent payments) in certified funds, made payable to **Michael F. Thomson, Chapter 7 Trustee**. Payments should be mailed to my attention at the address listed below.

  On another note, pursuant to the *Order Granting Trustee's Motion for Order (1) Directing Debtors to Turn Over Property of the Estate and (2) Compelling Compliance with Directives* (the "Order") , the debtors were to file their 2016 state and federal tax returns (collectively, the "Tax Returns") by no later than November 15, 2017. Although I am in receipt of copies of the Tax Returns, according to correspondence received from the taxing authorities at the end of November, the state tax return had not been filed and, although the debtors had attempted to electronically file their federal tax return, it was not accepted. If your clients have not already done so, please instruct them to file the Tax Returns with the taxing authorities.

  Please advise your clients that their failure to pay the first settlement payment by December 15, 2017 and return signed pleadings by December 27, 2017,[1] and/or their failure to file the Tax Returns with the taxing authorities as required by the Order, will lead to me filing a complaint seeking denial of their bankruptcy discharges.

---

[1] Or turn over the full $1,608.58 amount pursuant to the Order.

4831-9074-6968\1

Dorsey & Whitney LLP | 111 South Main Street | 21st Floor | Salt Lake City, UT | 84111-2176 | T 801.933.7360 | F 801.933.7373 | dorsey.com



Thomas H. Richards
December 13, 2017
Page 2

     Please feel free to contact me should you have any questions.  To avoid any undue delay or miscommunication I am providing the debtors with a copy of this letter directly.

            Yours truly,

            DORSEY & WHITNEY LLP

            Michael F. Thomson

MT:mm
Encl.
Cc: Chris & Stacy Hansen, 2905 Carmine Dr., St. George, UT 84790

4831-9074-6968\1

Dorsey & Whitney LLP | 111 South Main Street | 21st Floor | Salt Lake City, UT | 84111-2176 | **T** 801.933.7360 | **F** 801.933.7373 | dorsey.com

# EXHIBIT 8

## Montoya, Michelle

**From:** Montoya, Michelle
**Sent:** Wednesday, February 14, 2018 2:57 PM
**To:** 'Thomas Richards'
**Cc:** Thomson, Michael
**Subject:** RE: Chris and Stacy Hansen
**Attachments:** Hansen Consent Entry of Default Judgments.pdf; Hansen Stipulated Judgment (Monetary).pdf; Hansen Stipulated Judgment Revoking Discharge.pdf; Hansen Settlement Agreement.pdf

Tom,

The trustee is willing to push the dates out to the dates you hand wrote on the pleadings.  Attached are the revised pleadings.  Please have both Mr. and Mrs. Hansen sign all four documents and return them to me via email and via US Mail.

Please advise your clients that their failure to pay the first settlement payment by February 22, 2018 and return signed pleadings by February 28, 2018,  will lead to the trustee filing a complaint seeking denial of their bankruptcy discharges.

Please contact me with any questions or concerns.

Thank you,

**Michelle S. Montoya**
**Paralegal**



DORSEY & WHITNEY LLP
111 S. Main Street Suite 2100 | Salt Lake City, UT 84111-2176
P: 801.933.8913

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof. Thank you.*

Please help reduce paper and ink usage. Print only if necessary.

**From:** Thomas Richards [mailto:tomrichards9@gmail.com]
**Sent:** Tuesday, February 13, 2018 4:29 PM
**To:** Montoya, Michelle <montoya.michelle@dorsey.com>
**Subject:** Chris and Stacy Hansen

Michelle,

Is there any way that we can push the dates on the settlement agreement back by two months? Chris Hansen was in my office and signed the agreement in which I altered the dates (by hand) and pushed them back a couple months. I wanted him to sign the agreement as an act of good faith, but I didn't want him to sign an agreement in which he was already late on the payments and stipulate to his own revocation of discharge. I

scanned the copy that only he has signed so far, and he's bringing the agreement home to his wife to sign and they will bring it back to me tomorrow.

Chris Hansen has been unemployed the last couple months but recently became employed again. During our meeting today he assured me that the first payment can be at your office by 2/22, he would mail off the first payment by 2/20.

For what it is worth, I told him that if he does not get this paid to your office than his discharge (which actually has not been issued in this case yet because they have not taken the second class, despite constant reminders) would be revoked or your office would object to their discharge. I told him the result of such an event would be catastrophic to his financial future because he could never get these debts discharged and the creditors would know bankruptcy would not be an option and take away any bargaining power regarding the resolution of his debts.

Please pass this onto Mike. Most likely if you allow for a two month extension, you will want him to sign a clean agreement without the crossed-out terms.

Regards,

Tom Richards